## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

AMY LYONS-KETCHUM, as                  )
parent and next friend of Aiden        )
Martin, Deceased, and, JEREMY          )
ARNOLD, as parent and next friend      )
of Emmaleigh Arnold, Deceased,         )
                                       )
      Plaintiffs,                      )
                                       )
v.                                     )    Case No. CIV-25-1498-SLP
                                       )
PAMMA TRANSPORTATION, INC.,            )
et al.,                                )
                                       )
      Defendants.                      )

## **O R D E R**

On April 10, 2026, the Court directed Plaintiffs to show cause why this action should not be dismissed without prejudice against Defendants Gurvinder Singh Pamma, Carolyn Melendez, and John Doe Defendants Nos. 1-5, for failure to timely effect service of process. *See* Order [Doc. No. 12]. Plaintiffs responded to the show cause Order, Resp. [Doc. No. 13], and the matter is before the Court.

In the Response, Plaintiffs address efforts to effectuate service of process for each of the three Defendants, separately, and request this Court to grant an extension of time to effectuate service on numerous grounds. For the reasons discussed below, the Court GRANTS a sixty (60) day extension for Plaintiffs to effectuate service on Defendants Gurvinder Singh Pamma and Carolyn Melendez, for good cause shown. The Court further GRANTS a permissive extension of sixty (60) days for Plaintiffs to effectuate effect service on John Doe Defendants Nos. 1-5.

The Court must extend the deadline for service when a plaintiff shows good cause. Fed. R. Civ. P. 4(m). In the absence of good cause, however, the Court has discretion to grant a permissive extension. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

Plaintiffs assert that attempts have been made to serve Defendant Gurvinder Singh Pamma, at his address, on multiple occasions. *See* Resp. [Doc. No. 13]; *see* Affidavit [Doc. No. 13-1]. It appears Plaintiff's counsel has acted diligently in attempting service. Accordingly, the Court finds good cause to extend the deadline to effectuate service for Defendant Gurvinder Singh Pamma by sixty (60) days.[1]

Plaintiffs state that they have also been unable to serve Defendant Melendez because of ongoing criminal proceedings against her. Plaintiffs further assert that "arrangements have been made to serve Melendez" in coordination with the District Attorney's office. *See* Resp. [Doc. No. 13]. While the Court does not express an opinion as to the method, means, or timing of service upon Defendant Melendez, the Court finds good cause to extend the deadline to effectuate service for Defendant Melendez by sixty (60) days.

Finally, as to the John Doe Defendants, Plaintiffs state that "these presently-unknown defendants have yet to be identified[.]" Resp. [Doc. No. 13]. Plaintiffs assert "that [they] have identified certain entities that appear to be closely related to Pamma

---

[1] Plaintiffs, in their Response, "request leave to defer serving [Mr. Pamma] for a period of sixty (60) days following the *Montgomery* decision. . ." Resp. [Doc. No. 13]. As explained further below, the Court declines to grant any extensions based on a forthcoming Supreme Court decision, especially with no explanation as to how that decision will impact Plaintiffs' case and service as to the John Doe Defendants and Gurvinder Singh Pamma. Consistent with the requirements of the Federal Rules, the Court will grant an extension for service on Defendant Gurvinder Singh Pamma. Fed. R. Civ. P. 4(m).

Transportation, Inc. and Pamma." *Id.*  The Court finds these statements to be rather threadbare and insufficient to warrant a good cause finding for an extension of the service deadline against the John Doe Defendants.  Plaintiffs also state that they "are awaiting initiation of formal discovery until the United States Supreme Court has rendered its decision. . .in the seminal case of *Montgomery. v. Caribe Transport II, LLC*."  *Id.*  Based on the timing of the Supreme Court's decision, Plaintiffs request "a period of sixty (60) days. . .from the decision. . . within which to identify John Doe Defendants[.]"  *Id.*  However, Plaintiffs provide no information about how this decision relates to the facts of this case or service as to the John Doe Defendants.  Thus, Plaintiffs have not shown good cause to warrant a mandatory extension.  However, the Court will grant a permissive extension of sixty (60) days to effectuate service on the John Doe Defendants.[2]

IT IS THEREFORE ORDERED that Plaintiffs' deadline to serve Defendants Gurvinder Singh Pamma, Carolyn Melendez, and John Doe Defendants Nos. 1-5 is extended to sixty (60) days from the date of this Order.  Plaintiffs shall serve these Defendants on or before July 27, 2026.  Failure to timely effect service of process may result in dismissal of this action without prejudice as to Defendants Gurvinder Singh Pamma, Carolyn Melendez, and John Doe Defendants Nos. 1-5.

---

[2] While the Court grants a permissive extension as to the John Doe Defendants, Plaintiffs are advised that the Court will not grant any further extensions absent a fully supported showing of good cause for failure to effect service.

IT IS SO ORDERED this 26th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE